IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

IN ADMIRALTY

CASE NO.

IN RE THE COMPLAINT OF:
ROYAL CARIBBEAN CRUISES LTD.,
as owner of two unnamed 2008 Seadoo
GTI-130 vessels, for Exoneration from
or Limitation of Liability.
_____/

## VERIFIED PETITION FOR EXONERATION
## FROM AND/OR LIMITATION OF LIABILITY

Petitioner, ROYAL CARIBBEAN CRUISES LTD. ("RCL"), as owner of two unnamed 2008 Seadoo GTI-130 vessels, by and through undersigned counsel, files this its Petition for Exoneration from and/or Limitation of Liability, pursuant to 46 U.S.C. §§ 30501-30512, Supplemental Rule F(1) and (2), and Local Admiralty Rule F, and in support thereof states as follows:

1. This is a claim within the admiralty and maritime jurisdiction of this Court.

2. Subject matter jurisdiction arises under 28 U.S.C. § 1333.

3. This is a claim within the admiralty and maritime jurisdiction of this Court within the meaning of Rule 9(h) and Supplemental Rule F of the Federal Rules of Civil Procedure.

4. The events, acts and circumstances given rise to this action occurred over navigable waters during traditional maritime activity, to wit: the operation and navigation of a personal watercraft.

5. At all times material hereto, Petitioner RCL was a foreign corporation duly organized and existing under the laws of Liberia.

6.      The subject vessels are two unnamed 2008 Seadoo GTI-130, 130 HP vessels, designated with identification numbers 825 and 926 (hereinafter "vessels").

7.      On or about January 3, 2013, David Akinin and his minor son, Arie Akinin ("Akinin"), were passengers aboard RCL's cruise ship *LIBERTY OF THE SEAS*. David Akinin rented the Seadoo bearing identification number 926 from RCL, subject to the conditions of a "Personal Watercraft (Wave Jet Tour) Express Assumption of the Risk – Waiver & Release of Liability", attached hereto as composite Exhibit "A."  David Akinin, as the natural guardian for Arie Akinin, executed the aforementioned release on his own behalf and on behalf of his minor child Arie Akinin, which states in pertinent part:

> NOTICE TO THE MINOR CHILD'S NATURAL GUARDIAN
>
> READ THIS FORM COMPLETELY AND CAREFULLY. YOU ARE AGREEING TO LET YOUR MINOR CHILD ENGAGE IN A POTENTIALLY DANGEROUS ACTIVITY.  YOU ARE AGREEING THAT, EVEN IF THE OPERATOR, ROYAL CARIBBEAN CRUISES, LTD., OR THEIR RESPECTIVE EMPLOYEES, AFFILIATES, SUCCESSORS, ASSIGNS, AFFILIATED SHIPS, RESPECTIVE MASTERS, OFFICERS AND CREW, AGENTS, OPERATORS, CHARTERERS AND UNDERWRITERS, INCLUDING THE SHIP'S INDEPENDENT CONTRACTOR PHYSICIAN(s), NURSES AND/OR MEDICAL STAFF, ITS AND/OR RESPECTIVE HEIRS, EXECUTORS, ADMINISTRATORS, SUCCESSORS AND ASSIGNS USES REASONABLE CARE IN PROVIDING THIS ACTIVITY, THERE IS A CHANCE YOUR CHILD MAY BE SERIOUSLY INJURED OR KILLED BY PARTICIPATING IN ANY OF THE NAMED ACTIVITIES BECAUSE THERE ARE CERTAIN DANGERS INHERENT IN THE ACTIVITIES WHICH CANNOT BE AVOIDED OR ELIMINATED. BY SIGNING THIS FORM YOU ARE GIVING UP YOUR CHILD'S RIGHT AND YOUR RIGHT TO RECOVER FROM THE OPERATOR OR ROYAL CARIBBENA CRUISES, LTD., OR THEIR RESPECTIVE EMPLOYEES, AFFILIATES, SUCCESSORS, ASSIGNS, AFFILIATED SHIPS, RESPECTIVE MASTERS, OFFICERS AND CREW, AGENTS, OPERATORS, CHARTERERS AND UNDERWRITERS, INCLUDING THE SHIP'S INDEPENDENT CONTRACTO PHYSICIAN(s), NURSES AND/OR MEDICAL STAFF, ITS AND/OR THEIR RESPECTIVE HEIRS, EXECUTORS, ADMINISTRATORS, SUCCESSORS AND ASSIGNS IN A LAWSUIT FOR ANY PERSONAL INJURY, INCLUDING DEATH, TO YOUR CHILD OR ANY PROPERTY DAMAGE THAT RESULTS FROM THE RISKS THAT ARE A NATURAL PART OF THESE ACTIVITIES. YOU HAVE THE RIGHT TO REFUSE TO SIGN THIS FORM, AND THE OPERATOR OR ROYAL CARIBBEAN CRUISE, LTD. HAS THE RIGHT TO REFUSE TO LET

YOUR CHILD PARTICIPATE IF YOU DO NOT SIGN THIS FORM.

8. David Akinin, with Arie Akinin as a passenger, operated the craft for a wave jet tour on ocean waters off the coast of Labadee, Haiti.

9. Kevin Theodore (hereinafter "Theodore"), also rented a Seadoo bearing identification number 825 from RCL and operated it during the subject wave jet tour. In doing so, Theodore caused his Seadoo to collide with the Seadoo being operation by David Akinin and occupied by Arie Akinin as a passenger (hereinafter "subject incident" or "collision").

10. As a result of the collision, Akinin claims he sustained an injury to his left shoulder.

11. Venue in this District is proper under Supplemental Rule F(9) as the aforementioned vessels have not been attached nor arrested and suit has not been commenced against the owners in any other district court. Further, venue is also appropriate with this court as the Passenger Ticket Contracts entered into between Petitioner and Akinin respectively, contain a forum selection clause to litigate all claims between passengers and RCL in the Southern District of Florida in Miami-Dade County, Florida. *See* Ticket Contract, attached hereto as Exhibit "B".

12. At all times material prior to the subject incident, Petitioner, including its principals, masters, officers, agents, and employees exercised due diligence to make the vessels seaworthy in all respects and to properly man, equip, outfit, and supply said vessels with suitable engines, machinery, apparel, appliances, personnel and other appropriate and necessary equipment, all in good condition and suitable for their intended operations.

13. The vessels were, at all times relevant to the subject incident set forth herein, seaworthy and free of any defect or deficiency in their hulls, engines, equipment and/or machinery.

14. Petitioner is owner of the vessels and is now and was, at the time of the incident, without privity or knowledge of any defect in the vessels which may have caused or contributed to the injuries of Akinin.

15. The incident and any and all damages, injuries and losses resulting from the incident were not caused or contributed to by any fault, design, neglect, negligence or want of due care on the part of Petitioner, or any person or persons for whom Petitioner is responsible, and further the claimed injuries of Akinin aboard the vessel(s) and any and all resulting damages, injuries, and losses were not caused by, contributed to by, or due to any fault, neglect, negligence, design, or want of due care on the part of Petitioner or any person or persons for whom Petitioner is responsible.

16. The alleged failure of any equipment, if any, and any and all resulting loss, damage, death, injury or destruction was done or occasioned and incurred without the privity or knowledge of Petitioner, and was due solely to and caused wholly by the fault, neglect, negligence, design or want of due care of others for whom Petitioner is not responsible or else were due to other losses for which Petitioner is not liable.

17. The accident happened and the losses, damages, or injuries resulting or occurring therefrom were done, occasioned and incurred without the privity or knowledge of the Petitioner within the meaning of 46 U.S.C. § 30506(e).

18. As a result of Akinin's claimed injury and consequent events, as of the date this Petition, a claim has been presented to the owners of the above-referenced vessels which is believed to exceed the value of the vessel. The Petitioner is unaware of the total amount of claims that may be made for loss, damage, injury, destruction or death growing out of this casualty, but anticipates and believes that lawsuits and claims will be asserted and prosecuted against them in amounts exceeding the total sum or sums for which Petitioner may be legally responsible or may be required to pay under the applicable statutes covering exoneration from and/or limitation of liability. Attached to the Complaint and made a part of it as Exhibit "C" is a list of all known potential claimants of whom Petitioner has knowledge of as of the time of filing this Complaint.

19. There are no demands, unsatisfied liens, or claims of lien against the vessels arising

out of the voyage nor are any lawsuits pending so far as known to Petitioner other than the anticipated claim that may be brought by potential claimants set forth on Exhibit "C".

20. The entire aggregate amount and value of Petitioner's interest in (1) the vessel operated by David Akinin and occupied by Arie Akinin and (2) the vessel operated by Theodore, at the end of the subject voyage is $9,000.00 USD, as set forth in the Affidavit of Value executed by accredited marine surveyor, Captain Terry Moore, attached hereto as Exhibit "D". The vessels carried no freight whatsoever at the time of the incident and at any other time. *See* Affidavit of No Pending Freight, attached hereto as Exhibit "E".

21. Petitioner will deposit with the Court as security and for the benefit of the claimants an Ad Interim Stipulation for Value, that sum not being less than the amount of value of the Petitioner's interest in the vessels at the end of the subject voyage ($9,000.00 USD), in the form of a surety bond with the Court's registry, with interest at the rate of 6% per annum from the date thereof, and costs.

22. This Complaint is filed within six months of the date Petitioner received first notice of any possible claim from any claimant following the aforesaid incident.

23. Petitioner, as owner of the vessels, claims exoneration from or limitation of liability for any and all loss, damage, death, injury, or destruction caused by this casualty or done, occasioned, or incurred on the voyage during which the incident occurred and for any and all claims therefore. Petitioner alleges that it has valid defenses thereto on the facts and under the law. Petitioner, without admitting but affirmatively denying all liability, claims the benefit of the limitation of liability provided for in 46 U.S.C. §§ 30501-30512 and to that end and subject to an appraisal of its interest on a reference, Petitioner will deposit with the Court, as security for the benefit of claimants, a stipulation for value, with sufficient security for the amount or value of its interest in the vessels, as provided by the above statutes, by the Federal Rules of Civil Procedure,

including Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims and by the Local Rules of this Court.

24.  If it later appears that Petitioner is or may be liable and the amount or value of Petitioner's interest in the vessels as aforesaid is not sufficient to pay all losses in full, then claimants shall share pro rata in the aforesaid sum, saving to claimants any rights or priority they may have as ordered by this Court or as provided by the above statutes, by the above cited rules, and by the rules and practices of this Court.

WHEREFORE, Petitioner prays:

A.  The Honorable Court enter an Order approving the Ad Interim Stipulation for Value and Stipulation for Costs that will be filed with the Court as security for the potential claims, subject to the claimants' right to challenge the security permitted by the Supplemental Rules and Local Admiralty Rules;

B.  This Honorable Court enter an Order directing the issuance of a Monition to all persons, firms, and corporations claiming damages for any and all losses, damages or injuries done, occasioned, sustained or incurred by reason of the incident described herein, citing to them to appear and answer the allegations of this Petition according to the law and practices of this Honorable Court on or before a date certain and time to be fixed by the Monition;

C.  This Honorable Court enter an Injunction restraining the further prosecution and/or commencement hereafter of any and all suits, actions, or legal proceedings of any nature or description already begun to recover damages arising out of, occasioned by or consequent upon the subject incident set forth herein, except in the instant proceeding (a proposed order approving the Ad Interim Stipulation for Value and Stipulation for Costs, and Directing Issuance of Monition and Injunction is attached hereto as Exhibit "F"; a proposed Monition is attached hereto as Exhibit "G"; both orders will be e-mailed in proper format to the assigned Judge's clerk in accordance with the

applicable CM/ECF procedures);

    D.    The Honorable Court adjudge and decree:

        1.    That Petitioner is not liable to any extent, but is exonerated from any responsibility, loss, damage, or injury, nor for any claim whatsoever in any way arising out of the incident set forth herein; or,

        2.    That if the Petitioner shall be judged liable, then such liability shall be limited to the value of the interest in the subject vessels or $9,000.00 immediately following the incident and be divided in accordance with the claimants as may duly prove their claims, saying to all parties any priorities that they may be legally entitled and that a decree may be entered discharging Petitioner of all further liability;

        3.    That Petitioner may have such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted this 9th day of August, 2013 in Miami, Florida.

        Respectfully submitted,

        **FOREMAN FRIEDMAN, P.A.**

BY:    */s/ Darren W. Friedman*
        DARREN W. FRIEDMAN, ESQ. (FBN 0146765)
        dfriedman@fflegal.com
        MARCUS G. MAHFOOD, ESQ. (FBN 41495)
        mmahfood@fflegal.com
        One Biscayne Tower, Suite 2300
        2 South Biscayne Boulevard
        Miami, FL  33131
        Tel: 305-358-6555/Fax: 305-374-9077
        Counsel for *Petitioner*

## VERIFICATION

STATE OF FLORIDA        )
                        SS)
COUNTY OF MIAMI         )

BEFORE ME, the undersigned authority, personally appeared **SELENA BARBER**, who, being first duly sworn according to law, deposes and says she has read the Complaint, and as to the facts stated to be true, they are true, and as to the facts stated on information and belief, she is informed that that they are true.

_/s/ Selena Barber_

Selena Barber, Adjuster
Royal Caribbean Cruises, Ltd.
1050 Caribbean Way
Miami, FL 33132

SWORN TO and SUBSCRIBED TO before me on this __9__ day of August, 2013.

Individual personally known __✓__

OR

Individual produced identification _____

Type and number of identification produced_____.

_Jennifer Carvalho-Silva_
NOTARY PUBLIC
My Commission Expires:_____

JENNIFER CARVALHO-SILVA LOPEZ
MY COMMISSION # EE 200122
EXPIRES: May 20, 2016
Bonded Thru Budget Notary Services